**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| NIRVANA, L.L.C., <br><br> Plaintiff, <br><br> v. <br><br> ZOETOP BUSINESS CO., LIMITED, <br><br> Defendant. | Case No. 21-cv-05207 <br><br> **JURY TRIAL DEMANDED** |

**COMPLAINT**

Plaintiff Nirvana, L.L.C. ("Nirvana" or "Plaintiff") hereby brings the present action against Defendant Zoetop Business Co., Limited ("Zoetop" or "Defendant") and alleges as follows:

**I. INTRODUCTION**

1. This action has been filed by Plaintiff to address Defendant's selling and offering for sale of clothing and other products featuring infringing and/or counterfeit versions of Plaintiff's trademarks (the "Counterfeit Products") through Defendant's website us.shein.com. Plaintiff seeks to address Defendant's infringement and/or counterfeiting of its registered trademarks, as well as to protect unknowing consumers from purchasing low-quality Counterfeit Products over the Internet from China. Plaintiff has been and continues to be irreparably damaged through consumer confusion, dilution, and tarnishment of its valuable trademarks as a result of Defendant's actions and seeks injunctive and monetary relief.

## II. JURISDICTION AND VENUE

2. This Court has original subject matter jurisdiction over the claims in this action pursuant to the provisions of the Lanham Act, 15 U.S.C. § 1051, *et seq.*, 28 U.S.C. § 1338(a) and (b), and 28 U.S.C. § 1331.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391, and this Court may properly exercise personal jurisdiction over Defendant because Defendant directly targets business activities toward consumers in Illinois and causes harm to Plaintiff's business within this Judicial District. Defendant has targeted sales from Illinois residents by operating a fully interactive, commercial website at us.shein.com that offers to sell and has sold Counterfeit Products to residents of Illinois. Defendant is committing tortious acts in Illinois, is engaging in interstate commerce, and has wrongfully caused Plaintiff substantial injury in the State of Illinois.

## III. THE PARTIES

**Plaintiff**

4. Plaintiff Nirvana, L.L.C. is a limited liability company organized and existing under the laws of Washington with its principal place of business in Encino, CA.

5. Nirvana was formed in Aberdeen, Washington, in 1987. Characterized by their punk aesthetic, Nirvana soon reached global popularity behind their landmark second album *Nevermind*. *Nevermind* went on to be certified Diamond by the RIAA and has been dubbed a cultural phenomenon of the 1990s. In fact, in 2005, the Library of Congress added *Nevermind* to the National Recording Registry as a "culturally, historically or aesthetically important" sound recording. Nirvana's global popularity and fame continues to grow, with over seventy-five million records sold worldwide, making Nirvana one of the best-selling bands of all time.

6. Nirvana has earned numerous accolades for its music, including induction into the Rock and Roll Hall of Fame in 2014 (Nirvana's first year of eligibility) and inclusion in both *Rolling Stone's* and *VH1*'s "100 Greatest Artists of All Time." Nirvana has also received an American Music Award, a Brit Award, and a Grammy Award, as well as seven MTV Video Music Awards and two NME Awards. Moreover, Nirvana achieved five number-one hits on the *Billboard* Alternative Songs chart and four number-one albums on the *Billboard* 200.

7. Nirvana has also garnered substantial publicity due to its widespread fame and popularity, including a biography titled *Come As You Are: The Story of Nirvana*, discussing how *Nevermind* and Nirvana marked an epochal generational shift in music. Nirvana not only popularized "grunge", but it also established the cultural and commercial viability of alternative rock in general.

8. Products sold under the Nirvana brand include apparel, accessories, and other merchandise, such as drinkware, posters, and photos.

9. Nirvana branded products are distributed and sold to consumers throughout the United States, including in Illinois, through various affiliates and through the nirvana.com website and shop.nirvana.com webstore.

10. Plaintiff incorporates a variety of distinctive marks in the design of its various Nirvana products. As a result of its long-standing use, Plaintiff owns common law trademark rights in its trademarks. Plaintiff has also registered its trademarks with the United States Patent and Trademark Office. Nirvana products often include at least one of Plaintiff's registered trademarks. Often several of Plaintiff's marks are displayed on a single Nirvana product. Plaintiff uses its trademarks in connection with the marketing of the Nirvana products, including the following marks which are collectively referred to as the "NIRVANA Trademarks."

| REGISTRATION NUMBER | REGISTERED TRADEMARK | INTERNATIONAL CLASSES |
|---|---|---|
| 1,836,895 | NIRVANA | For: clothing; namely, shirts, tee shirts, caps in class 025. |
| 1,842,789 | NIRVANA | For: series of sound recordings all featuring performances of a musical artist or group in class 009. |
| 3,937,416 | NIRVANA | For: Printed materials, namely, posters in class 016.<br><br>For: Entertainment services, namely, providing a website with information on recordings of a musical group and historical information on a musical group and providing online profile pages with photos and information on recordings of a musical group; providing non-downloadable pre-recorded music and video clips via a website and online profile pages in class 041. |
| 4,663,544 | NIRVANA | For: Musical sound recordings; downloadable musical sound recordings; sound recordings featuring performances of a musical group; downloadable sound recordings featuring performances of a musical group; audiovisual recordings featuring music; audiovisual recordings featuring performances of a musical group; downloadable audiovisual recordings featuring music; downloadable audiovisual recordings featuring performances of a musical group in class 009. |

| | | |
|---|---|---|
| 5,430,930 | | For: Shirts; sweatshirts; hooded sweatshirts in class 025. |
| 5,441,075 | | For: Audio and video recordings, namely, compact discs featuring music and musical performances; phonograph records featuring music; prerecorded digital media in the nature of audio and visual media, namely, CDs, DVDs, and downloadable audio and video recordings in the field of music; digital music downloadable from the internet; DVDs featuring music and musical performances; downloadable audio and video recordings, namely, downloadable music files, downloadable multimedia files containing audio and video relating to music and musical performances, downloadable MP3 files and MP3 recordings featuring music and musical performances, and downloadable musical and video recordings in the field of music in class 009. |
| 1,797,928 | FLOWER SNIFFIN KITTY PETTIN BABY KISSINCORPORATE ROCK WHORES | For: clothing; namely, tee shirts in class 025. |

11. The above U.S. registrations for the NIRVANA Trademarks are valid, subsisting, in full force and effect, and many are incontestable pursuant to 15 U.S.C. § 1065. The

NIRVANA Trademarks have been used exclusively and continuously by Plaintiff for many years and have never been abandoned. The registrations for the NIRVANA Trademarks constitute *prima facie* evidence of their validity and of Plaintiff's exclusive right to use the NIRVANA Trademarks pursuant to 15 U.S.C. § 1057(b). Attached hereto as **Exhibit 1** are true and correct copies of the United States Registration Certificates for the NIRVANA Trademarks included in the above table.

12. The NIRVANA Trademarks are exclusive to Plaintiff and are displayed extensively on Nirvana products and in Plaintiff's marketing and promotional materials. The Nirvana brand has been extensively promoted and advertised at great expense. In fact, over the years, Plaintiff, or third parties on Plaintiff's behalf, have expended millions of dollars in advertising, promoting, and marketing featuring the NIRVANA Trademarks, as well as significant time and other resources. As a result, products bearing the NIRVANA Trademarks are widely recognized and exclusively associated by consumers, the public, and the trade as being products sourced from Nirvana.

13. The NIRVANA Trademarks are distinctive when applied to the Nirvana products, signifying to the purchaser that the products come from Nirvana and are manufactured to Plaintiff's quality standards. The NIRVANA Trademarks have achieved tremendous fame and recognition, which has only added to the inherent distinctiveness of the marks. As such, the goodwill associated with the NIRVANA Trademarks is of incalculable and inestimable value to Plaintiff.

14. For many years, Plaintiff has operated an e-commerce website where it promotes and sells genuine Nirvana products linked to nirvana.com at shop.nirvana.com, including apparel

and other tour and retail merchandise. The nirvana.com website and shop.nirvana.com webstore feature proprietary content, images and designs exclusive to Plaintiff.

15. Plaintiff's innovative marketing and product designs, combined with the immense popularity of Nirvana, have made the NIRVANA Trademarks famous marks. The widespread fame, outstanding reputation, and significant goodwill associated with the Nirvana brand have made the NIRVANA Trademarks invaluable assets of Plaintiff.

16. Plaintiff, or third parties on the Plaintiff's behalf, have expended substantial time, money, and other resources in developing, advertising and otherwise promoting the NIRVANA Trademarks. As a result, products bearing the NIRVANA Trademarks are widely recognized and exclusively associated by consumers, the public, and the trade as being high-quality products sourced from Nirvana. Nirvana products have become among the most popular of their kind in the world.

**Defendant**

17. On information and belief, Defendant Zoetop Business Co., Limited is a Private Limited Company organized and existing under the laws of Hong Kong Special Administrative Region, with a registered office and principal place of business located at Room 11-12, 2/F, Hong Leong Plaza (Phase 1), No. 33 Lok Yip Road, Fanling Hong Kong.

18. Defendant conducts business throughout the United States, including within the State of Illinois and this Judicial District, through the operation of at least the fully interactive, commercial website at us.shein.com. Defendant targets the United States, including Illinois residents, and has offered to sell, and has sold, Counterfeit Products to consumers within the State of Illinois through the us.shein.com website.

## IV. DEFENDANT'S UNLAWFUL CONDUCT

19. Defendant operates a fully interactive, commercial website located at us.shein.com.

20. Defendant is engaged in designing, manufacturing, advertising, promoting, distributing, selling, and/or offering for sale products on its website bearing logos, source-identifying indicia and design elements that are studied imitations, infringements, and/or counterfeits of the NIRVANA Trademarks (previously defined as the "Counterfeit Products").

21. Plaintiff's investigator visited Defendant's website us.shein.com and purchased Counterfeit Products.

22. The purchased Counterfeit Products were shipped to the State of Illinois.

23. The purchased Counterfeit Products were inspected, and it was determined that the products were counterfeit and infringed the NIRVANA Trademarks.

24. A comparison of the NIRVANA Trademarks to Defendant's Counterfeit Products exemplifies Defendant's counterfeiting and infringement of the NIRVANA Trademarks.

| NIRVANA Trademarks | Defendant's Counterfeit Products |
|---|---|
| NIRVANA<br>(Reg. No. 1,836,895) | |
| (Reg. No. 5,430,930) | |

25. On information and belief, Defendant is well aware of the extraordinary fame and strength of the NIRVANA Trademarks and the goodwill associated therewith.

9

26. Defendant, without any authorization, license, or other permission from Plaintiff, has used the NIRVANA Trademarks in connection with the advertisement, distribution, offering for sale, and sale of the Counterfeit Products into the United States and Illinois over the Internet.

27. Defendant's use of infringements and/or counterfeits of the NIRVANA Trademarks in the advertisement, distribution, offering for sale, and sale of the Counterfeit Products was willful.

28. Defendant's willful use of infringements and/or counterfeits of the NIRVANA Trademarks in connection with the advertisement, distribution, offering for sale, and sale of the Counterfeit Products, including the sale of Counterfeit Products into Illinois, is likely to cause and has caused confusion, mistake, and deception by and among consumers and is irreparably harming Plaintiff.

**COUNT I**
**TRADEMARK INFRINGEMENT AND COUNTERFEITING (15 U.S.C. § 1114)**

29. Plaintiff hereby re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs.

30. This is a trademark infringement action against Defendant based on its unauthorized use in commerce of counterfeit imitations of the federally registered NIRVANA Trademarks in connection with the sale, offering for sale, distribution, and/or advertising of infringing goods. The NIRVANA Trademarks are highly distinctive marks. Consumers have come to expect the highest quality from genuine Plaintiff's products sold or marketed under the NIRVANA Trademarks.

31. Defendant has sold, offered to sell, marketed, distributed and advertised, and is still selling, offering to sell, marketing, distributing, and advertising products bearing counterfeits of the NIRVANA Trademarks without Plaintiff's permission.

32. Plaintiff is the exclusive owner of the NIRVANA Trademarks. Plaintiff's United States Registrations for the NIRVANA Trademarks (**Exhibit 1**) are in full force and effect. On information and belief, Defendant has knowledge of Plaintiff's rights in the NIRVANA Trademarks and is willfully infringing and intentionally using counterfeits of the NIRVANA Trademarks. Defendant's willful, intentional, and unauthorized use of the NIRVANA Trademarks is likely to cause and is causing confusion, mistake, and deception as to the origin and quality of the Counterfeit Products among the general public.

33. Defendant's activities constitute willful trademark infringement and counterfeiting under Section 32 of the Lanham Act, 15 U.S.C. § 1114.

34. Plaintiff has no adequate remedy at law, and if Defendant's actions are not enjoined, Plaintiff will continue to suffer irreparable harm to its reputation and the goodwill of its well-known NIRVANA Trademarks.

35. The injuries and damages sustained by Plaintiff have been directly and proximately caused by Defendant's wrongful reproduction, use, advertisement, promotion, offering to sell, and sale of Counterfeit Products.

## COUNT II
## FALSE DESIGNATION OF ORIGIN (15 U.S.C. § 1125(a))

36. Plaintiff hereby re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs.

37. Defendant's promotion, marketing, offering for sale, and sale of Counterfeit Products has created and is creating a likelihood of confusion, mistake, and deception among the general public as to the affiliation, connection, or association with Plaintiff or the origin, sponsorship, or approval of Defendant's Counterfeit Products by Plaintiff.

38. By using the NIRVANA Trademarks on the Counterfeit Products, Defendant created a false designation of origin and a misleading representation of fact as to the origin and sponsorship of the Counterfeit Products.

39. Defendant's false designation of origin and misrepresentation of fact as to the origin and/or sponsorship of the Counterfeit Products to the general public involves the use of counterfeit marks and is a willful violation of Section 43 of the Lanham Act, 15 U.S.C. § 1125.

40. Plaintiff has no adequate remedy at law and, if Defendant's actions are not enjoined, Plaintiff will continue to suffer irreparable harm to its reputation and the goodwill of the Nirvana brand.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

1) That Defendant, its officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under or in active concert with it be temporarily, preliminarily, and permanently enjoined and restrained from:

    a. using the NIRVANA Trademarks or any reproductions, counterfeit copies or colorable imitations thereof in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not a genuine Plaintiff's product or is not authorized by Plaintiff to be sold in connection with the NIRVANA Trademarks;

    b. passing off, inducing, or enabling others to sell or pass off any product as a genuine Plaintiff's product or any other product produced by Plaintiff, that is not Plaintiff's or not produced under the authorization, control or supervision of Plaintiff and approved by Plaintiff for sale under the NIRVANA Trademarks;

    c. committing any acts calculated to cause consumers to believe that Defendant's products are those sold under the authorization, control or supervision of Plaintiff, or are sponsored by, approved by, or otherwise connected with Plaintiff;

    d. further infringing the NIRVANA Trademarks and damaging Plaintiff's goodwill;

    e. manufacturing, shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Plaintiff, nor authorized by Plaintiff to be sold or offered for sale, and which bear any of Plaintiff's trademarks, including the NIRVANA Trademarks, or any reproductions, counterfeit copies or colorable imitations thereof;

    f. aiding, abetting, contributing to or otherwise assisting anyone in infringing upon the NIRVANA Trademarks; and

    g. effecting assignments or transfers, forming new entities or associations or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in Subparagraphs (a) through (f);

2) That Defendant, within fourteen (14) days after service of judgment with notice of entry thereof upon it, be required to file with the Court and serve upon Plaintiff a written report under oath setting forth in detail the manner in which Defendant has complied with Paragraph 1, a through g, above;

3) That Defendant account for and pay to Plaintiff all profits realized by Defendant by reason of Defendant's unlawful acts herein alleged, and that the amount of damages for infringement of the NIRVANA Trademarks be increased by a sum not exceeding three times the amount thereof as provided by 15 U.S.C. § 1117;

4) In the alternative, that Plaintiff be awarded statutory damages for willful trademark counterfeiting pursuant to 15 U.S.C. § 1117(c) of $2,000,000 for each and every use of the NIRVANA Trademarks;

5) That Plaintiff be awarded its reasonable attorneys' fees and costs; and

6) Award any and all other relief that this Court deems just and proper.

## JURY DEMAND

Pursuant to Fed. R. Civ. P. 38, Plaintiff hereby demands a trial by jury as to all issues so triable.

Dated this 1st day of October 2021.    Respectfully submitted,

/s/ Justin R. Gaudio
Amy C. Ziegler
Justin R. Gaudio
Allyson M. Martin
Jake M. Christensen
Greer, Burns & Crain, Ltd.
300 South Wacker Drive, Suite 2500
Chicago, Illinois 60606
312.360.0080
312.360.9315 (facsimile)
aziegler@gbc.law
jgaudio@gbc.law
amartin@gbc.law
jchristensen@gbc.law

*Counsel for Plaintiff Nirvana, L.L.C.*